DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ROOSEVELT MONDESIR,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-3154

[June 3, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Stephen A. Rapp, Judge; L.T. Case No. 502012CF006456AMB.

Antony P. Ryan, Regional Counsel, and Louis G. Carres, Special Assistant Conflict Counsel, Office of Criminal Conflict and Civil Regional Counsel, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Matthew Steven Ocksrider, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

We affirm appellant's conviction for attempted first degree murder with a weapon, as well as domestic aggravated assault with a deadly weapon, for attempting to kill his ex-girlfriend by dousing her with gasoline and igniting it. Although appellant claims that the evidence was insufficient to prove a premeditated intent to kill, there was more than ample evidence of such an intent. And while it appears that appellant's best evidence objection to testimony relating the contents of a voice message from appellant may have been properly denied based upon section 90.954(3), Florida Statutes (2013), even if error, the admission of the testimony was harmless beyond a reasonable doubt.

We remand, however, to delete the judgment of conviction's reference to a "deadly" weapon on the attempted first degree murder charge, as it appears to be a clerical error. The jury verdict found appellant guilty of attempted first degree murder and that he did "actually carry, display, use, threaten to use, or attempt to use *a weapon*" during the attempt, which

finding was consistent with the charge in the information. Thus, the inclusion of "deadly" in the judgment for attempted murder convicted him of a crime of which the jury did not find him guilty. This correction makes no difference in appellant's sentence.

*Affirmed but remanded to correct judgment of conviction.*

WARNER, GROSS and FORST, JJ., concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**

2